IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| TIFFANY BAKER-SAGE,[1] | § | |
| | § | No. 419, 2018 |
| Respondent Below, | § | |
| Appellant, | § | Court Below:  Family Court of the |
| | § | State of Delaware |
| v. | § | |
| | § | File No. 18-04-1TK |
| DIVISION OF FAMILY SERVICES, | § | Petition No. 18-09707 |
| | § | |
| Petitioner Below, | § | |
| Appellee, | § | |
| | § | |
| and | § | |
| | § | |
| OFFICE OF THE CHILD | § | |
| ADVOCATE, | § | |
| | § | |
| Appellee. | § | |

Submitted:  January 11, 2019
Decided:    February 28, 2019

Before **STRINE**, Chief Justice; **VALIHURA** and **TRAYNOR**, Justices.

**O R D E R**

(1)    This is an appeal from the Family Court's order of July 13, 2018, terminating the parental rights of Tiffany Baker-Sage ("Mother") in her four-year-old and six-year-old daughters ("the Children").  The parental rights of the Children's father were terminated in the same order and are not at issue in this appeal.

---

[1] The Court previously assigned a pseudonym to the appellant.  Del. Sup. Ct. R. 7(d).

(2) Mother's counsel has filed a no-merit brief and a motion to withdraw under Rule 26.1(c). Counsel asserts that she made a conscientious review of the record and found no arguable claim to raise on appeal. Mother disagrees with her counsel's position and met with counsel on November 9, 2018, to relay her concerns. Counsel summarized Mother's concerns and submitted them as "Appellant's Points" in the brief on appeal. Counsel for the Division of Family Services and for the Children's court-appointed special advocate have responded to the Rule 26.1(c) brief and have moved to affirm the Family Court's judgment.

(3) On November 7, 2016, the Division of Family Services ("DFS") was granted temporary legal custody of the Children on an emergency basis on the grounds that Mother and the Children's father were homeless. With the filing of DFS's dependency and neglect petition on November 8, 2016, the mandated hearings ensued.[2] At each of the hearings, the Family Court found that the Children were dependent and that it was in their best interests to remain in DFS's care and custody. The court also found that DFS had made reasonable efforts to reunify the family.

(4) Shortly after the Children were taken into the care and custody of DFS, Mother moved to New Jersey and began living in a motel room with a friend. Mother

---

[2] When a child is removed from home by DFS and placed in foster care, the Family Court is required to hold hearings at regular intervals under procedures and criteria detailed by statute and in the court's rules. 13 *Del. C.* § 2514 (Supp. 2019); Del. Fam. Ct. Civ. R. 212–219.

gave birth to a baby on June 8, 2017. New Jersey took custody of the baby on June 13, 2017.

(5) DFS developed a case plan for Mother's reunification with the Children, and New Jersey Child Protective Services ("NJCPS") developed a case plan for Mother's reunification with the baby. Both plans identified lack of appropriate housing and lack of income as major obstacles to reunification as well as Mother's health issues—both physical and mental—and the Children's special needs.

(6) In late February 2018, the Family Court changed the permanency goal from reunification to concurrent goals of reunification and termination of parental rights and adoption. DFS filed its petition for termination in April 2018, and an evidentiary hearing was held on June 19, 2018. Several witnesses testified at the hearing, including Mother; Yanely Rosa, Mother's NJCPS permanency worker; Natasha Simms, Mother's DFS treatment worker; Bridgette George, the Children's foster care treatment coordinator; Beautiful White, the Children's permanency worker; and Ginny Terczak, the Children's court-appointed special advocate.

(7) In Delaware, the termination of parental rights is based on a two-step statutory analysis.[3] First, the Family Court must determine whether there is a

---

[3] *Shepherd v. Clemens*, 752 A.2d 533, 536–37 (Del. 2000).

statutory basis for termination under 13 *Del. C.* § 1103.[4]   If the Family Court finds a statutory basis for termination, the court must determine, under 13 *Del. C.* § 772, whether severing parental rights is in the best interests of the child.[5]   It is incumbent on the petitioner—DFS in this case—to prove by clear and convincing evidence that there is a statutory basis for termination and that the best-interests analysis favors termination.[6]

(8)   In its July 13, 2018 decision, the Family Court found that DFS had proved by clear and convincing evidence that Mother was unable or had failed "to plan adequately for [the Children's] needs, health and development" under § 1103(a)(5).[7] The Family Court found that Mother had failed to satisfy a number of her case plan requirements for reunification, "including those most necessary to provide adequate care for the children, i.e., housing and income."   The record supports this finding.

(9)   When the statutory basis for termination is failure to plan, there must be proof of at least one additional statutory condition[8] and proof that DFS made *bona fide* reasonable efforts to preserve the family unit.[9]   In this case, the Family Court

---

[4] *Id.*

[5] *See* 13 *Del. C.* § 722(a)(1)–(8) (listing factors to be considered when determining the best interests of the child).

[6] *Powell v. Dep't of Servs. for Children, Youth & Their Families*, 963 A.2d 724, 731 (Del. 2008).

[7] 13 *Del. C.* § 1103(a)(5).

[8] *Id.* § 1103(a)(5)(a)(1)–(5) (listing additional conditions).

[9] *In re Hanks*, 553 A.2d 1171, 1179 (Del. 1989).

4

found proof of additional statutory conditions, as follows: (i) the Children had been in the custody of DFS for over a year and a half; (ii) there was history of neglect, abuse or lack of care of another child, namely Mother's child who was taken into state custody in New Jersey in June 2017; (iii) Mother was not able to assume legal and physical custody of the Children and to pay for their support; and (iv) failure to terminate Mother's parental rights will result in continued emotional instability or physical risk to the Children.[10] The record supports these findings.

(10) On the reasonableness of DFS's efforts to reunite the family, the Family Court found that DFS developed a case plan with Mother and coordinated with NJCPS to provide Mother with the recommended services. Having reviewed the record, including the case plan signed by Mother, we agree with these findings and with the Family Court's finding that DFS engaged in reasonable efforts to reunify Mother with the Children.

(11) When considering the eight best-interests factors under 13 *Del. C.* § 772, the Family Court found that four factors favored termination, one factor slightly favored termination, one factor weighed against termination, one factor did not apply, and one factor was not relevant. When conducting its best-interests analysis the court carefully considered the factors and made factual findings that guided its

---

[10] § 1103(a)(5)(a)(1)–(5).

decision that the termination of Mother's parental rights was in the best interests of the Children. The record supports the Family Court's best-interests findings.

(12) On appeal, Mother asks us to consider that she completed a key element of her case plan in July 2018, after the Family Court issued its termination decision, when she received a notice dated July 14, 2018 from the Social Security Administration informing her that she would receive a lump-sum payment of nearly $16,000.00 and a monthly payment of $757.90 beginning in August 2018. We cannot consider the notice as part of this appeal. An appeal is heard on the papers and exhibits submitted to the trial court, which did not include the July 14, 2018 notice from the Social Security Administration.[11] For the same reason, we also cannot consider Mother's letter from the Camden County Women's Center certifying that she completed a series of domestic violence classes in September 2018.

(13) In her third claim on appeal, Mother contends that she is able to care for the Children in her New Jersey motel room. The Family Court found otherwise, however, when it determined that "a motel room with only two beds shared with another adult does not provide adequate space to care for two children with special needs." We find no error in the Family Court's finding.

---

[11] Del. Sup. Ct. R. 9(a); *Delaware Elec. Co-op, Inc. v. Duphily*, 703 A.2d 1202, 1206–07 (Del. 1997) (holding that materials not offered into evidence and considered by the trial court are not a part of the record on appeal).

(14)  Finally, Mother contends that DFS petitioned to terminate her parental rights to retaliate against her for filing a complaint of official misconduct against a DFS employee.  The record is devoid of any evidence of retaliation.  We find no support for Mother's claim.

(15)  On appellate review of a termination of parental rights, we are required to consider the facts and the law as well as the inferences and deductions made by the Family Court.[12]  We review legal rulings *de novo*.[13]   If the Family Court has correctly applied the law, our review is limited to abuse of discretion.[14]  We conduct a limited review of the Family Court's factual findings to assure that they are sufficiently supported by the record and are not clearly wrong.[15]

(16)  Having carefully reviewed the parties' positions and the record on appeal, we can discern no abuse of discretion in the Family Court's factual findings and no error in the court's application of the law to the facts when terminating Mother's parental rights.  We therefore conclude that Mother's appeal is wholly without merit and devoid of any arguably appealable issue.  We are satisfied that Mother's counsel made a conscientious effort to examine the record and the law and properly determined that Mother could not raise a meritorious claim in this appeal.

---

[12] *Wilson v. Div. of Family Servs.*, 988 A.2d 435, 439–40 (Del. 2010).
[13] *Id.* at 440.
[14] *Id.*
[15] *Id.*

7

NOW, THEREFORE, IT IS ORDERED that the judgment of the Family Court is AFFIRMED.  The motion to withdraw is moot.

BY THE COURT:

*/s/ Karen L. Valihura*
Justice